■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOLLAND CRAMP, on Behalf of JOHN CRAMP, III, Respondent, v JOHN B. CRAMP, JR., Appellant.—In a habeas corpus proceeding, the appeal is from so much of a judgment of the Supreme

Court, Westchester County (Ruskin, J.), entered August 31, 1984, as, *inter alia,* set forth a schedule of visitation for the father. The appeal brings up for review so much of an order of the same court, dated November 20, 1984, as, upon reargument, denied the father's motion to vacate or modify the fourth, fifth, sixth and eighth decretal paragraphs of the judgment entered August 31, 1984.

Appeal from the judgment entered August 31, 1984, dismissed insofar as it seeks review of the fourth, fifth, sixth and eighth decretal paragraphs thereof. Those portions of the judgment entered August 31, 1984 were superseded by the order dated November 20, 1984. The remaining portions of the judgment entered August 31, 1984 are affirmed.

Order dated November 20, 1984, affirmed insofar as reviewed.

The petitioner mother is awarded one bill of costs.

We reject the father's contention that the hearing court improperly relied upon the expert medical opinion of a psychiatrist who testified in the mother's favor on the issue of custody and visitation. The record reveals that the expert's findings were based primarily upon personal observations of the parties' child made by himself and his staff over a course of visits, during which the child was interviewed and psychologically tested. As such, the resulting diagnosis that the three-year-old boy suffered from extreme anxiety which was exacerbated by extended visits with the father possessed significant probative value on the issue of temporary custody and visitation.

Similarly unpersuasive is the father's claim that the expert testimony was valueless because it was based upon allegedly one-sided medical information provided by the mother. The record indicates that the medical history played a relatively minor role in the aforementioned diagnosis. Moreover, the father was asked by the psychiatrist to meet with him in order to discuss the child's condition, but he refused to do so and thereby rejected an opportunity to tell his side of the story. It is well settled that the determination of a hearing court is entitled to great weight on appeal and will not be disturbed absent a clear abuse of discretion *(see, Matter of Darlene T.,* 28 NY2d 391; *Constantin v Wicks,* 108 AD2d 715; *Cataldi v Shaw,* 101 AD2d 823; *Matter of Gloria S. v Richard B.,* 80 AD2d 72). We discern no such abuse of discretion in this case and therefore find that the hearing court acted properly in setting forth a reasonable schedule of visitation for the father.

We have considered the father's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and Kooper, JJ., concur.