■ NANCY M. CRUM, Appellant, v JOHN L. CRUM, Respondent.—In a matrimonial action, the plaintiff mother appeals from an order of the Supreme Court, Westchester County (Marbach, J.), entered December 23, 1985, which, after a hearing, awarded custody of the parties' children to the defendant father.

Order affirmed, with costs.

Explicitly finding that both parties are good and fit parents, the hearing court weighed factors such as the home and community offered by each parent, the presence of the extended family members of each parent, and the level of concern for the needs of the children displayed by each parent in the course of their dispute and separation. The hearing court's findings reflect "careful thought and prudent evaluation", and are entitled to great weight *(see, Ira K. v Frances K.,* 115 AD2d 699, 700). The hearing court in this case did not abuse its discretion, and therefore the custody determination must be left undisturbed *(see, People ex rel. Cramp v Cramp,* 117 AD2d 762).

The fact that the mother had been the parent who primarily cared for the children is a factor to be considered but does not necessarily override other factors to be weighed in the balance, and it was not error for the court to consider that factor to be less determinative than others.

Nor was it error for the court to consider psychiatric testimony where the expert had interviewed and observed only one of the parties. Although "[o]pinions formulated [by the expert] upon * * * one-sided and biased information derived from one party and regarding the other are virtually valueless" *(Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76), at bar, the accepted portions of the expert's testimony were based upon facts about the mother independently established at the hearing. Moreover, the mother's refusal to meet with the psychiatrist is not in itself enough to invalidate that expert's opinion *(see, People ex rel. Cramp v Cramp, supra).*

Finally, we leave undisturbed the hearing court's order, declining to determine at this juncture whether the order was merely pendente lite or if it constituted a final determination of the custody issue, as it is more appropriate to be resolved by the trial court at the underlying matrimonial action. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.