■ In the Matter of JACQUELINE L. STELLONE, Respondent, v HEIDI M. KELLY, Appellant. (And Three Other Related Proceedings.) [846 NYS2d 723]—

Kane, J. Appeals (1) from an order of the Family Court of Albany County (Maney, J.), entered June 7, 2006, which, among other things, dismissed Heidi M. Kelly's application, in two proceedings pursuant to Family Ct Act article 6, to terminate a prior order of visitation, and (2) from an order of said court, entered January 18, 2007, which, among other things, in two proceedings pursuant to Family Ct Act article 6, granted Jacqueline L. Stellone's motion to dismiss Heidi M. Kelly's petition to terminate a prior order of visitation.

After the parents of the subject child (born in 1994) divorced in 1999, Heidi M. Kelly (hereinafter the mother) obtained sole custody. Jacqueline L. Stellone, the child's paternal grandmother (hereinafter the grandmother), was granted visitation every other weekend. In 2003, tension rose between the parties, resulting in a July 2004 order granting the grandmother visitation once per month for two hours and one telephone call per week. By that time, the mother's husband had begun adoption proceedings, which were ultimately highly contested, culminating in the child's adoption by her stepfather in 2005. Mainly following her adoption, the child's attitude toward the grandmother deteriorated to the point where she expressed her desire that they have no contact. In November 2004, the grandmother filed a violation petition against the mother. In January 2005, the mother filed a petition seeking to terminate all visitation with the grandmother. Following a lengthy hearing, Family Court issued a June 2006 order which determined that a change in circumstances was demonstrated through the child's and mother's deteriorated relationships with the grandmother. The court continued the visitation in the prior order, required the mother to continue the child in counseling with a therapist of the mother's choosing, ordered family counseling between the child and the grandmother with a therapist of the grandmother's choosing, and required the mother to cooperate with the family therapy and follow all recommendations.

In October 2006, the mother again filed a petition seeking termination of the grandmother's visitation and, soon thereafter, the grandmother filed a violation petition. In January 2007, Family Court, among other things, granted the grandmother's motion to dismiss the petition because the mother failed to allege a change in circumstances since the June 2006 order. The mother appeals from the June 2006 and January 2007 orders.

Family Court did not err in considering the testimony of the grandmother's expert witness. The grandmother's disclosure responses included the witness, the basic area of her testimony and the general basis for that testimony. Based upon the failure to disclose the expert's report, the court precluded that document. While opinions and conclusions of a psychologist may be discounted or rendered valueless if all involved parties are not interviewed or evaluated, here, the mother was given an opportunity, but declined, to meet with the psychologist or allow the child to do so (*see Matter of De Mel v Aldana*, 159 AD2d 349, 349 [1990]; *People ex rel. Cramp v Cramp*, 117 AD2d 762, 763 [1986]). The expert, who acknowledged the limitations of her opinions and recommendations due to her inability to meet with the mother or child, relied not only upon her evaluation of the grandmother, but also a review of voluminous court filings and transcripts, correspondence between the mother and grandmother, and approximately seven hours of taped telephone conversations between the grandmother and child (*see Crum v Crum*, 122 AD2d 771, 771 [1986]). The court had the discretion to admit the expert's testimony and consider the one-sidedness of the evaluation when determining what weight to accord that testimony (*see People ex rel. Cramp v Cramp*, 117 AD2d at 763).

Family Court properly continued the grandmother's visitation, with the addition of counseling. Even in a grandparent visitation case, when a prior order has been entered and a party is seeking to modify it, that party bears the burden of proving a change in circumstances sufficient to warrant a modification of the visitation order (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]). Here, the court found that the deterioration in both the mother's and child's relationships with the grandmother constituted a change in circumstances. According due deference to the court's credibility determinations and discretion in matters of visitation, we will not disturb this finding (*see Matter of Steinhauser v Haas*, 40 AD3d 863, 864 [2007]).

Moving then to a best interests analysis, "neither the presumed wishes of the child nor the existence of animosity between the parent and the grandparent[] is a proper reason for denial of visitation," without more (*Matter of Johansen v Lanphear*, 95 AD2d 973, 974 [1983]; *see Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Steinhauser v Haas*, 40 AD3d at 865). Foremost in the inquiry is the nature and extent of the existing relationship between the grandparent and child (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]; *Matter of Ziarno v Ziarno*, 285 AD2d 793, 794 [2001], *lv denied* 97 NY2d 605 [2001]). Other factors in the analysis include the

basis and reasonableness of the parent's objections, the grandparent's nurturing skills and attitude toward the parent, the law guardian's assessment and the child's wishes (*see Matter of E.S. v P.D.*, 8 NY3d at 160-161). Despite the child's adamant statements that she no longer wanted any contact with the grandmother, Family Court did not abuse its discretion in finding that this attitude arose without a reasonable basis. Of the three minor incidents alleged by the mother as having led to the child's relationship with the grandmother, two occurred years earlier and did not seem to affect the relationship at the time they occurred. The other incident, while a reason to cause the child some upset, seems to have elicited a persisting reaction that was grossly out of proportion to the incident. The mother's only reason for her objection to visitation was that it was hurting the child, without any real basis for this opinion (*see Matter of Kenyon v Kenyon*, 251 AD2d 763, 764 [1998]; *compare Matter of Wilson v McGlinchey*, 2 NY3d at 382). The court also opined that the mother's admitted dislike and anger toward the grandmother placed the child in a battle of loyalty which caused the rift here, requiring counseling to heal the fractured relationship and restore the close bond that had existed between the child and grandmother. Thus, the court's continuation of the limited visitation and requirement of counseling was supported by the record.

Although continued visitation was proper after the hearing, Family Court should not have dismissed the mother's October 2006 petition without a hearing. The mother, as the party seeking modification, was required to make a sufficient evidentiary showing of a change in circumstances which could warrant modification of visitation (*see Matter of Critzer v Mann*, 17 AD3d 735, 736 [2005]). While the mother's petition alleged some of the same problems that had previously been addressed by the court, sufficient new information was included. Testimony at the prior hearing revealed that the child stated that she would rather die than visit with the grandmother, but the mother acknowledged that the child was engaging in hyperbole and would not really harm herself. The October 2006 petition, as well as the supporting affidavits of the mother and child's therapist, included allegations that the child's friend, school administrators and therapist expressed concern that the child was at a real risk of self-harm due to the stress of forced visitation. Notably, the grandmother alleges that the family therapist, chosen by her, expressed a need for the child to be hospitalized to assess her mental and emotional well-being. Given these serious allegations, the court should have addressed the petition on the merits.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order entered June 7, 2006 is affirmed, without costs. Ordered that the order entered January 18, 2007 is modified, on the law, without costs, by reversing so much thereof as granted Jacqueline L. Stellone's motion to dismiss Heidi M. Kelly's petition; motion denied and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.