■ In the Matter of SELENA R. SOLOMON, Appellant, v JOSEPH LONG JR., Respondent. [891 NYS2d 528]—

McCarthy, J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) never married and are the parents of a son (born

in 1996). The mother has sole legal and physical custody and the father is authorized to have unsupervised visitation every other weekend and a minimum of twice-weekly telephone contact. Moreover, the most recent custody order expressly prohibits the mother from moving the child's residence from Chemung County without written approval of the court. In 2008, the mother petitioned Family Court for permission to relocate the child from the City of Elmira, Chemung County to the Village of Fairport, Monroe County, approximately two hours away. The impetus for the relocation was the mother's pending marriage to her then-fiancé. In a well-reasoned decision, Family Court dismissed the petition, finding, after thoughtful consideration of all the relevant factors, that relocation would not serve the child's best interests. We affirm.

The mother has been the child's primary caregiver since his birth, when she was only 18 years old. Relying on the child's maternal grandmother for day care, the mother has maintained steady employment, put herself through nursing school and, at the time of the petition, worked as a registered nurse at a hospital in Sayre, Pennsylvania. She met her future fiancé in January 2007, and they were engaged a year later. Her fiancé runs a family-owned, Internet-based business. He was previously married, has no children, owns his own home and enjoys a good relationship with the parties' son. By the time of trial, the mother had accepted a nursing position with a hospital in the City of Rochester, Monroe County—near Fairport—which provided a modest increase in pay and free tuition benefits that would allow her to further develop her professional nursing education at the University of Rochester. After five years at that hospital, she would also receive a 50% tuition reduction at the university for the parties' son. The mother also testified that the new position would require only three 12-hour shifts per week, in contrast to the 40 to 50 hours per week she works in Pennsylvania, allowing her to spend more time with the child. The mother valued the child's relationship with his father and was willing to continue to be flexible and generous with visitation. She also offered to forgo child support and help defray the increased transportation costs associated with visitation if the petition were granted.

Early in the child's life, the father had several alcohol-related charges, and served a prison term for leaving the scene of an accident. A prior custody order required supervised visitation. The father underwent treatment and has maintained an unrestricted driver's license for more than 10 years. In recent years, the father and son have developed a very strong bond, principally

through the father's participation in the son's sporting activities. The son is a gifted athlete, and the father has coached the son's baseball, basketball and football teams for the past several years. They also enjoy fishing and camping together. Although the father has not participated as extensively in their son's school activities as the mother has, the son is nevertheless an honor student. Since 2002, the father has been unemployed, receiving $213 biweekly in workers' compensation payments due to a back injury, and is current on his $75 per month child support obligation. He is currently living with his parents in Elmira, pending settlement of his workers' compensation claim. The child has a very strong bond with his maternal grandmother, as well as his paternal grandparents and his extended family in the Elmira area. Although the current order only provides for visitation every other weekend, the father also takes the son as often as three times a week for practices as well as any games that occur on non-visitation weekends. The mother has shown great flexibility and cooperation in fostering the child's relationship with his father and his father's extended family, all of which, to date, appear to have greatly benefitted the child. The Law Guardian stated that the child expressed a strong desire to remain neutral on the petition.

A party seeking relocation of his or her child must establish, by a preponderance of the evidence, that the relocation would be in the child's best interests (see Matter of Bobroff v Farwell, 57 AD3d 1284, 1285 [2008]; Matter of Hills v Madrid, 57 AD3d 1175, 1176 [2008]; Matter of Winn v Cutting, 39 AD3d 1000, 1001 [2007]). Among the factors a court considers in determining the child's best interests are "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and the child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]). Where, as here, Family Court's determination is supported by a sound and substantial basis in the record, it will not be disturbed (see Malcolm v Jurow-Malcolm, 63 AD3d 1254, 1256 [2009]; Matter of Wentland v Rousseau, 59 AD3d 821, 822 [2009]). Although the proposed relocation may be beneficial to the mother and her motivation for the move is certainly understandable, we find no reason to disturb Family Court's determination that she has not shown how the move could avoid

disrupting the familial engagement under which the child has clearly thrived (*see Matter of Yelverton v Stokes*, 247 AD2d 719, 721 [1998], *lv denied* 92 NY2d 802 [1998]; *Matter of Burnham v Basta*, 241 AD2d 628, 629-630 [1997], *lv denied* 90 NY2d 812 [1997]).

Mercure, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.