■ In the Matter of TIMOTHY D. SOFRANKO, Appellant, v KATHRYN E. STEFAN, Respondent. (And Another Related Proceeding.) [914 NYS2d 361]—

Cardona, P.J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered November 20, 2009, which, among other things, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children, Dmitri (born in 1997) and Julian (born in 1999). The parties divorced in November 2005 and the divorce judgment incorporated a prior written agreement providing for joint legal and physical custody of the children. At that time, the parties lived in close proximity and the children alternated weeks with each parent. Subsequently, the parties began new relationships and eventually each remarried; however, communication between the parties became increasingly strained and acrimonious. In 2008, the father was terminated from his employment and his search for

a comparable position in New York was unsuccessful. In early 2009, he found employment in Kentucky where he relocated with his new wife and her children. The father thereafter commenced the first of these proceedings seeking to modify the existing custody agreement by granting him physical custody of the children and permission to relocate them to Kentucky. The mother filed a cross petition seeking physical custody. Following a trial, Family Court dismissed the father's petition, granted the mother's cross petition and provided a detailed visitation schedule for the father. The court also determined that joint legal custody was no longer feasible and awarded sole legal custody to the mother. This appeal ensued.

At the outset, we note that the parties do not challenge the finding that the father's relocation to Kentucky constituted a sufficient change in circumstances justifying modification of the existing physical custody arrangement (see Thompson v Smith, 277 AD2d 520, 521 [2000]). Accordingly, the first issue is the propriety of Family Court's denial of the father's request for primary physical custody of the children in Kentucky and grant of the mother's opposing request that they remain with her in New York. Notably, a parent who wishes to modify a prior custody arrangement to permit relocation with the children must establish by a preponderance of the evidence that the relocation is in the children's best interests (see Matter of Grathwol v Grathwol, 285 AD2d 957, 958 [2001]). This inquiry requires consideration of such factors as "the quality of the relationships between the child[ren] and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child[ren]'s future contact with the noncustodial parent, the degree to which the custodial parent's and child[ren]'s life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child[ren] through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]). Since Family Court is in the best position to make factual findings and credibility determinations, its decision will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Miller v Murray, 61 AD3d 1295, 1296-1297 [2009]).

Upon review of Family Court's well-reasoned decision, we find no basis to disturb the award of physical custody to the mother. With respect to the children's relationships with the parties' respective families, the court noted that the children get along well with the father's new wife and her children. As for their mother's home, the court similarly found that they

have a good relationship with the mother's husband and his two children, as well as "a close bond" with their half sister. Regarding the economic aspects of the move to Kentucky, the court noted that, even accepting the father's representation that employment in Kentucky was the only viable option for him, the fact remains that his income was reduced as a result of the change in jobs. Turning to educational concerns, the court noted that the father failed to offer any proof from which the court could conclude that the Kentucky school system would be a significant improvement over the children's current school system or that it is necessary to uproot the children from schools where they are already settled and showing positive performance to a new and unfamiliar environment (*see Matter of Solomon v Long*, 68 AD3d 1467, 1469-1470 [2009]). Given this proof as well as evidence establishing the mother's "relative fitness to guide the child[ren]'s intellectual and emotional development and provide for [their] physical needs" (*Matter of Dickerson v Robenstein*, 68 AD3d 1179, 1180 [2009]), Family Court's determination as to physical custody need not be disturbed.

Turning to Family Court's decision to grant sole legal custody to the mother, we note that joint custody is inappropriate where the parties have demonstrated mutual hostility and an inability to cooperate (*see Matter of Yetter v Jones*, 272 AD2d 654, 656 [2000]). In light of the proof herein that the amicable relationship between the parties became progressively more acrimonious, a change of circumstances warranting modification of the prior joint legal custody order has been shown (*see Ehrenreich v Lynk*, 74 AD3d 1387, 1388 [2010]; *Matter of Bjork v Bjork*, 58 AD3d 951, 953-954 [2009], *lv denied* 12 NY3d 708 [2009]; *Matter of Martin v Martin*, 45 AD3d 1244, 1245 [2007]). After reviewing the parties' respective strengths and weaknesses, the court determined that sole legal custody to the mother would best promote the children's best interests.

Significantly, while Family Court took care to note that there were demonstrated instances where both households allowed their anger to erupt in front of the children to some extent, it also found that the father has shown consistently poorer judgment in that regard. The court was particularly concerned about an incident occurring on Halloween night in 2007 which resulted in an order of protection issued in favor of the mother and her husband against the father. As for the issue of which parent could better foster communication regarding matters concerning the children, the court found that the father exacerbated difficulties in communication by either encouraging, or failing to discourage, his new wife from interjecting herself in

the middle of conflicts between the parties. In contrast, the court noted that the mother was able to demonstrate some flexibility in her dealings with the father and acknowledged the importance of the children having a good relationship with their father. Thus, given the distance between the parties' respective homes and the evidence demonstrating, among other things, the mother's ability to maintain stability in the children's lives, we conclude that there is a sound and substantial basis for the court's award of sole legal custody to the mother.

We have examined the father's remaining arguments, including his claim that Family Court impermissibly limited his cross-examination of the mother, and find them to be unpersuasive.

Mercure, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.