■ CHRISTINA M. DELORENZO, Respondent, v PETER A. DE-LORENZO, Appellant. [916 NYS2d 360]—

Rose, J. Appeal from an order of the Supreme Court (Rogers, J.), entered November 5, 2009 in St. Lawrence County, which,

---

among other things, partially denied defendant's motion for pendente lite relief.

The parties were married in 2007. Shortly after the birth of their daughter in 2008, defendant (hereinafter the father) advised plaintiff (hereinafter the mother) that he no longer wished to be married to her, but that he was not leaving the marital residence in St. Lawrence County. The mother and the child then moved in with her parents, who also lived in St. Lawrence County. The parties agreed to joint custody with the mother having primary physical placement and the father having visitation, initially for four hours on Sundays. After the mother commenced this action for divorce in 2009, her parents' employer transferred them to Allegany County, a 6½-hour drive from St. Lawrence County. When the mother and the child moved with the mother's parents, the father sought pendente lite relief precluding the move and awarding him, among other things, visitation with the child. After a hearing, Supreme Court denied that portion of the motion seeking to preclude relocation and awarded the father visitation every third weekend, on specified holidays and for two weeks during the summer. The father now appeals, challenging the appropriateness of the relocation and the visitation schedule.

The mother bore the burden of establishing, by a preponderance of the evidence, that relocation would be in the child's best interests (see Matter of Solomon v Long, 68 AD3d 1467, 1469 [2009]). In making its determination, Supreme Court was required to consider all relevant factors, including the parties' motivations for seeking or opposing the move, the impact of the move on the child's relationship with the noncustodial parent, the feasibility of suitable visitation and the degree to which the move will enhance the child's life (see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]). "In the end, it is for the court to determine, based on all of the proof, whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (id. at 741). To the extent that the arguments on appeal consist of attacks upon the credibility of the testimony relied upon by Supreme Court, we will defer to the court's credibility determinations (see Matter of Sara ZZ. v Matthew A., 77 AD3d 1059, 1061 [2010]; Matter of Winston v Gates, 64 AD3d 815, 819 [2009]; Satalino v Satalino, 273 AD2d 632, 635 [2000]).

Two years prior to the marriage, while in college, the mother had been the victim of a grievous sexual assault that had caused her to leave school, move back in with her parents and eventually to seek therapy. She was diagnosed with posttraumatic

stress disorder and her primary motivation for relocating was to continue to receive the support of her parents after the collapse of her marriage. The testimony of her therapist confirmed that, as a result of that support, the mother showed marked improvement. She had already obtained employment in Allegany County, she was handling her finances responsibly, she had appropriate childcare available and she had plans to continue counseling. While not always the case, the mother also supported the child's relationship with the father and his family and she expressed a willingness to continue to do so. The father had his own mental health issues and a spotty employment history, and he demonstrated a lack of financial responsibility by, among other things, having fallen in arrears on child support. The evidence also revealed that the father and his family had maliciously attempted to interfere with the mother's parents' employment by writing accusatory letters to their superiors. Given the mother's need to continue to rely on the emotional support provided by her parents, and recognizing her superior ability to provide for the emotional, financial and physical needs of the child, Supreme Court's conclusion that it was in the child's best interests to remain with the mother in Allegany County is supported by a sound and substantial basis in the record (*see Matter of Vargas v Dixon*, 78 AD3d 1431, 1432-1433 [2010]; *Matter of Winston v Gates*, 64 AD3d at 818-819).

Finally, guided again by the best interests of the child, Supreme Court is afforded wide discretion in crafting an appropriate visitation schedule (*see Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1193 [2008]; *Tait v Tait*, 44 AD3d 1142, 1143 [2007]). In fashioning the pendente lite schedule here, the court rejected the father's request for more frequent visits and, instead, sought to protect this child from the adverse effects of having to make too frequent 13-hour round-trip drives and the opportunities that more frequent contact might present for the father's apparent hostility to manifest itself toward the mother and her family. Finding no abuse of the court's sound discretion, we will not modify the visitation schedule (*see Matter of Moore v Schill*, 44 AD3d 1123, 1123 [2007]).

Mercure, J.P., Spain, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.