■ In the Matter of STACIA MUNSON, Appellant-Respondent, v THOMAS FANNING, Respondent-Appellant. (And Another Related Proceeding.) [922 NYS2d 613]—

Kavanagh, J. Cross appeals from an order of the Family Court of Saratoga County (Hall, J.), entered March 23, 2010, which, among other things, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) have a daughter, who was born in 1999 after they had separated and ended their marriage. In February 2001, the parties were awarded joint custody of the child, with the mother having physical custody and the father extensive visitation. In October 2009, the mother filed an application seeking to hold the father in contempt for violating a provision of the custody order that prohibited either party from smoking in the child's presence, or allowing any third party to do so. At the same time, the mother also sought sole custody of the child and permission to move with the child to California. The father objected to the mother taking the child to reside in California

and claimed that he did not willfully violate the prohibition contained in the order barring smoking in the child's presence. After a hearing, Family Court dismissed the mother's applications, including her request to relocate with the child, but issued a revised visitation schedule that allowed her to take the child to California for extensive time periods to be with her new husband, who, because of a new job, had relocated there. Both the mother and father now appeal.

The mother argues that since the father admitted to smoking in his car while the child was present and in the bedroom of his house while she was in his home, Family Court erred by not holding him in contempt for willfully violating its order (*see Matter of Holland v Holland*, 80 AD3d 807, 808 [2011]; *Matter of Cobane v Cobane*, 57 AD3d 1320, 1322-1323 [2008], *lv denied* 12 NY3d 706 [2009]). The father did admit to smoking in the car while the child was present, but stated that it only happened on a single occasion and claimed never to have done so again. In addition, while he acknowledged smoking in his bedroom, he claimed not to have known that smoking in another area of the house where the child was not present constituted a violation of the court's order. On these facts, we cannot conclude that Family Court abused its discretion in finding that the father did not willfully violate the custody order (*see Matter of Omahen v Omahen*, 64 AD3d 975, 977 [2009]).

We also see no reason to disturb Family Court's order denying the mother's request that she be permitted to relocate with the child to California. The mother bore the burden of proving by a preponderance of the credible evidence that such a move was in the child's best interests (*see Matter of Solomon v Long*, 68 AD3d 1467, 1469 [2009]). The factors to be considered in making such a determination include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *see DeLorenzo v DeLorenzo*, 81 AD3d 1110, 1111-1112 [2011]; *Matter of Vargas v Dixon*, 78 AD3d 1431, 1432-1433 [2010]). Here, certain factors weigh in favor of relocation—the mother has been the child's primary caregiver, the child, who wants to be with the mother in California, has developed a healthy relation-

ship with the mother's new husband, as well as her other children, all of whom were to reside in California, and the mother's new husband has a new job in California that would allow her to stay at home and raise her children.[1] However, all concede that the father has developed a strong relationship with the child and has made every effort to become an important part of her life, and there can be no doubt that the proposed move will have a significant and potentially adverse impact on that relationship and seriously jeopardize it. Moreover, the move would also affect the child's relationship with the father's fiancée, their children, as well as other members of her extended family who live in the area.[2] Given this reality, there is ample support in the record for Family Court's determination that a move to California was not in the child's best interests (*see Matter of Solomon v Long*, 68 AD3d at 1468; *Matter of Dickerson v Robenstein*, 68 AD3d 1179, 1180-1181 [2009]).

We reject the father's claim that Family Court was without authority to modify the visitation schedule that was in place when the mother made this application to take into account how her circumstances had been affected by her new husband having to move to California. Given that the mother had indicated that she would not move to California if not allowed to relocate there with the child, Family Court had the authority in the context of this proceeding to find that her husband's employment situation in California constituted a significant change in circumstance which, in turn, required a modification of the existing visitation schedule to meet the child's best interests (*see Matter of Kowatch v Johnson*, 68 AD3d 1493, 1495 [2009], *lv denied* 14 NY3d 704 [2010]; *see generally Matter of Heintz v Heintz*, 28 AD3d 1154, 1154-1155 [2006]). That being said, the changes made by the court—allowing the mother to travel to California with the child to visit the stepfather for the entire summer and for extended periods during recesses that occur during the academic year—were extensive and made without a sufficient factual basis in the record. While a change in the existing visitation schedule is warranted, we are unable, on this record, to determine whether the new schedule as ordered by the court is in the child's best interests.[3] Therefore, we remit for further proceedings in this regard.

---

1. The attorney for the child supported the mother's relocation application.

2. We agree with the mother that Family Court improperly considered how the move would affect her son, who is not the father's child and whose relationship with the father was not an issue in these proceedings.

3. In this regard, we note that the child testified both in court and during a *Lincoln* hearing.

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as modified the visitation schedule; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

