■ In the Matter of Adelemaria Kirshy-Stallworth, Appellant, v Lennox V. Chapman, Respondent. [934 NYS2d 592]—

Stein, J.

---

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter (born in 2002). Pursuant to a 2004 stipulated order, the mother enjoys primary legal and physical custody of the child and the father is entitled to visitation on alternate weekends, as well as agreed-upon holidays and vacations.[1] The order also contains a provision permitting the mother to move to any county that is contiguous to Ulster County, or that "would be contiguous to Ulster County if not separated by the Hudson River." In April 2010, the mother filed a modification petition seeking "full custody" and limiting the father's visitation to one week during the summer and one week during the child's winter school recess on account of her plans to permanently relocate with the child to Cranberry Township, Pennsylvania, together with her current husband and her other child.[2] The father opposed the petition. At the close of the mother's proof at trial, Family Court granted the father's motion to dismiss the petition, finding that the mother had failed to meet her burden of proving that relocation was in the best interests of the child. The mother now appeals.

We affirm. A party seeking to relocate with his or her child bears "the burden of establishing, by a preponderance of the evidence, that relocation would be in the child's best interests" (*DeLorenzo v DeLorenzo*, 81 AD3d 1110, 1111 [2011], *lv dismissed* 16 NY3d 888 [2011]; *see Matter of Solomon v Long*, 68 AD3d 1467, 1469 [2009]). "Relevant factors and circumstances include 'each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements' " (*Matter of Vargas v Dixon*, 78 AD3d 1431, 1432 [2010], quoting *Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *see Matter of Sofranko v Stefan*, 80 AD3d 814, 815 [2011]). Family Court's decision "will not be disturbed if supported by a sound and substantial basis in the record" (*Matter of Sofranko v Stefan*, 80 AD3d at 815; *see Matter of Hissam v Mancini*, 80 AD3d 802, 804 [2011], *lv dismissed*

---

**1.** While the mother's petition herein indicates that the father also has visitation on Wednesday afternoons, the 2004 order does not provide for such visitation.

**2.** Family Court treated the petition as a request for leave to relocate. Cranberry Township, Pennsylvania is not contiguous to Ulster County or along the Hudson River.

*and denied* 16 NY3d 870 [2011]; *Matter of Herman v Villafane*, 9 AD3d 525, 526 [2004]).

Here, the mother's testimony established that she is disabled and receives Social Security disability benefits. Her husband, Robert Stallworth, suffered a work-related injury in 2007 and has had difficulty finding suitable employment. The mother, together with Stallworth and the two children, live in a three bedroom mobile home in the hamlet of Accord, Ulster County. The father pays the mother $42 per week in child support.

The mother and Stallworth both testified that Stallworth has been offered a job by the mother's uncle at a car dealership that the uncle co-owns in Pennsylvania, which will substantially increase Stallworth's income and make health insurance available to the entire family.[3] The mother testified that she planned to initially move into a five-bedroom townhouse where her mother and grandmother reside and believed that the child would benefit from the more affluent school district in which the townhouse is located. In addition, the mother testified that, if they were permitted to relocate, the child would have access to the mother's large extended family and would be near friends she has already cultivated when vacationing there.

In dismissing the mother's petition, Family Court noted, among other things, the lack of evidence that the community in which the child currently lives is unsatisfactory or that the child's current school is not meeting her needs. The court also emphasized the uncertainty of the mother's plans. For example, the court noted that it appeared that the mother intended to look for housing separate from the home of her mother and grandmother, but did not know what community she would ultimately live in and, therefore, that it was "a little bit hard for [the court] to compare and say definitively that her plan offers the child a better community to live in than the community that the child lives in now." Similarly, the court noted that there was insufficient evidence that the educational opportunities for the child were any better in Pennsylvania than in her current school district. In addition, the court commented on the absence of any documentary evidence to support the testimony of the mother and Stallworth regarding Stallworth's alleged employment offer and the lack of detail with regard thereto.

Finally, although there was testimony regarding the mother's excellent parenting, the father's failure to fully avail himself of his visitation rights and the mother's promise to facilitate telephone access between the father and the child and to

---

3. The child is currently covered by Medicaid.

transport the child to visit with the father on a monthly basis, Family Court was in the best position to weigh such testimony and the other evidence, or lack thereof, relative to the child's best interests.[4] While there are indisputably benefits to the mother in relocating, according deference to Family Court's credibility determinations (*see Matter of Hissam v Mancini*, 80 AD3d at 804), we cannot conclude that Family Court's determination that the mother failed to demonstrate that relocation would be in the child's best interests lacks a sound and substantial basis in the record (*see Matter of Martino v Ramos*, 64 AD3d 657, 658 [2009]; *Matter of Herman v Villafane*, 9 AD3d at 527).

Mercure, A.P.J., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

 ---

4. Although Family Court did not specifically refer in its decision to the impact of the proposed move on the father's relationship with the child, its consideration of such factor can be inferred. Moreover, while the record is devoid of any proof on behalf of the father with respect to that issue—due to the dismissal of the petition at the close of the mother's proof—there is evidence in the record that the father's financial circumstances have limited his ability to regularly communicate with the child by telephone. Accordingly, it can be reasonably inferred that the mother's proposed move would further inhibit his access to the child.