■ In the Matter of LEAH PIZZO, Appellant, v MARC R. PIZZO, Respondent. (And Another Related Proceeding.) [942 NYS2d 700]—

Rose, J. Appeal from an order of the Family Court of Sullivan County (Ledina, J.), entered December 27, 2010, which, among other things, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 1994 and are the parents of two children, a daughter born in 2000 and a son born in 2004. In August 2007, the mother left the marital residence in Sullivan County with the children and relocated to Monroe County to be with her paramour. In February 2008, the parties stipulated to an order that was later incorporated but not merged in their 2009 judgment of divorce, providing for joint legal custody with the father having primary physical placement and the mother having visitation. The stipulated order also provided that, in the event the mother returned to Sullivan County, the parties would alternate physical custody on a weekly basis. The mother and her paramour did return to Sullivan County in July 2008 and the parties shared alternate physical custody until June 2010, when the mother again relocated to Monroe County with her paramour, along with their two children (born in 2008 and 2009). The mother then filed a petition seeking physical custody of the children she had with the father and permission to relocate them, alleging that she was unable to find employment in the Sullivan County area and the father was in a car accident and ticketed for driving while intoxicated on his way to pick up the children in May 2010. The father cross-petitioned seeking an order that the mother maintain her residence in Sullivan County or that he be awarded permanent legal and physical custody of the children. Following both a hearing and a *Lincoln* hearing, Family Court reviewed all of the relevant issues and factors in a thorough decision dismissing the mother's petition, maintaining joint custody and awarding physical custody to the

father, with visitation to the mother. The mother appeals, and we affirm.

As the parent seeking to relocate, the mother was required to demonstrate by a preponderance of the credible evidence that it was in the children's best interests to relocate with her (*see Matter of Adams v Bracci*, 91 AD3d 1046, 1046-1047 [2012], *lv denied* 18 NY3d 809 [2012]; *Matter of Scheffey-Hohle v Durfee*, 90 AD3d 1423, 1425 [2011]; *Matter of Sofranko v Stefan*, 80 AD3d 814, 815 [2011]). Relevant factors for the court's consideration include the parties' motivation for seeking or opposing the move, the impact of the move on the children's relationship with the noncustodial parent, the feasibility of suitable visitation and the degree to which the move will enhance the children's lives (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740, 741 [1996]). Since Family Court is in the best position to make factual findings and credibility determinations, its decision will not be disturbed if it is supported by a sound and substantial basis in the record (*see Matter of Kirshy-Stallworth v Chapman*, 90 AD3d 1189, 1190 [2011]; *Matter of Sofranko v Stefan*, 80 AD3d at 815; *Matter of Vargas v Dixon*, 78 AD3d 1431, 1433 [2010]).

Initially, the mother challenges Family Court's determination that she had decided to relocate with her new family and, as a result, made only a perfunctory attempt to find employment in the Sullivan County area. The mother had been working as a one-on-one student aide, and she testified that there was no position available for her after the school year ended. Her paramour was working at a Sullivan County restaurant, but accepted a job as a head chef in Monroe County in May 2010 that allegedly paid twice the salary. According to the mother's own testimony, her decision to relocate was "pretty much a done deal" at that point in time. Although the mother submitted evidence of her job search limited to school districts in the Sullivan County area from March 2010 to June 2010, the evidence revealed that she made extensive efforts to find a job in Monroe County during the same time period. Despite the mother's claim that she continued to look for employment in the Sullivan County area even after leaving it, she entered into a year lease in Monroe County starting July 1, 2010, cancelled an interview at an elementary school in Sullivan County in July 2010, yet did not find full-time employment in Monroe County until September 2010, when she accepted a position at a child-care center instead of a school district. Finding no basis in the record upon which to reject Family Court's credibility and factual determinations, we will defer to them (*see Matter of Lynch v Gillogly*, 82

AD3d 1529, 1531 [2011]; *DeLorenzo v DeLorenzo*, 81 AD3d 1110, 1111 [2011], *lv dismissed* 16 NY3d 888 [2011]).

The mother also argues that, even though the relevant factors for custody of the children generally weigh equally in each party's favor, the father's May 2010 motor vehicle accident and his conviction for driving while intoxicated should tip the scales in her favor. Family Court, however, concluded that the conviction was an aberration for which the father accepted full responsibility and, when viewed in the context of the totality of circumstances here, including the mother's own driving record, it was an insufficient basis on which to determine custody. The father submitted evidence that he pleaded guilty to driving while intoxicated against the advice of his attorney and took additional steps to obtain a court-ordered ignition interlock device on his vehicle for monitoring. He also voluntarily enrolled in and completed an alcohol counseling and screening program, even though it was not part of his sentence. Although the mother questions the credibility of the father's version of events surrounding the accident and she presented conflicting proof, Family Court accepted the father's evidence and, again, we see no basis to disturb the court's credibility determination.

Based on the totality of the circumstances, including the mother's acknowledgment that the father is a capable and nurturing parent, and the resulting stability afforded to the children by remaining in the marital residence and their school, we find a sound and substantial basis for Family Court's determination denying the mother's petition to relocate the children (*see Matter of Kirshy-Stallworth v Chapman*, 90 AD3d at 1191-1192; *Matter of Munson v Fanning*, 84 AD3d 1483, 1484 [2011]; *Matter of Sofranko v Stefan*, 80 AD3d at 815).

Peters, P.J., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.