*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                516391
_____

In the Matter of KATE S.
    SEELEY,
                    Respondent,

        v

GEORGE B. SEELEY,
                    Appellant.

ATTORNEY FOR THE CHILD,
                    Appellant.

(Proceeding No. 1.)
_____          MEMORANDUM AND ORDER

In the Matter of GEORGE B.
    SEELEY,
                    Appellant,

        v

KATE SEELEY,
                    Respondent,

        and

MARY A. KLEIN, Formerly Known
    as MARY A. SELLERS,
                    Appellant.

ATTORNEY FOR THE CHILD,
                    Appellant.

(Proceeding No. 2.)

(And Another Related Proceeding.)
_____


Calendar Date:  May 28, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Devine, JJ.

_____

Monica Carrascoso, Cooperstown, for George B. Seeley and another, appellants.

Joseph A. Nalli, Fort Plain, for attorney for the child, appellant.

Carol Malz, Oneonta, for respondent.

_____

Rose, J.

Appeals from an order of the Family Court of Otsego County (Burns, J.), entered January 29, 2013, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.

George B. Seeley (hereinafter the grandfather) was granted custody of a child (born in 2004) of his daughter, Kate S. Seeley (hereinafter the mother), pursuant to a 2005 consent order. A subsequent consent order entered in 2009 provided that the mother was to have visitation once a week as she and the grandfather could agree. The 2009 order also provided that the maternal grandmother, respondent Mary A. Klein (hereinafter the grandmother), who is no longer married to the grandfather and lives in California, would be allowed four visits per year with the child in New York for seven days and a two-week visit in California during the summer. The mother, claiming that the grandfather interfered with her ability to exercise visitation, commenced proceeding No. 1 in 2012 to enforce the 2009 order. The grandfather then commenced proceeding No. 2 seeking permission to relocate with the child, and the mother responded with a modification petition seeking physical custody of the child. Following a fact-finding hearing, Family Court dismissed the grandfather's relocation proceeding and awarded the mother visitation every weekend throughout the school year, alternating weeks during summer vacation and certain holidays. The court made no mention of the grandmother's visitation. The grandfather, grandmother and the attorney for the child now appeal.

We are not persuaded that Family Court erred by denying the grandfather's request to relocate with the child to the Village of Saranac Lake in Franklin County, which is approximately four hours away from the mother's residence.  It is well settled that the party seeking to relocate must show "by a preponderance of the credible evidence that the proposed move is in the child['s] best interests" (Matter of Shirley v Shirley, 101 AD3d 1391, 1392 [2012]; accord Matter of Scheffey-Hohle v Durfee, 90 AD3d 1423, 1425 [2011], appeal dismissed 19 NY3d 876 [2012]).  The relevant factors to be considered include the "'reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the child through suitable visitation arrangements'" (Matter of Weber v Weber, 100 AD3d 1244, 1245 [2012], quoting Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]).

Family Court concluded that the grandfather failed to establish that the move would improve his financial situation.  The court found that his desire to provide more opportunity for the child to engage in winter sports, at the cost of having less time with his mother, was misguided.  The court also concluded that, given the distance involved, the mother's limited resources and the grandfather's demonstrated hostility with respect to transporting the child the 10-mile distance between the parties' current residences, the proposed move would have a significant negative impact on the mother's access to the child.  As the court's conclusion denying relocation is supported by a sound and substantial basis in the record, we decline to disturb it (see Matter of Rose v Buck, 103 AD3d 957, 960 [2013]; Matter of Pizzo v Pizzo, 94 AD3d 1351, 1353 [2012]; Matter of Munson v Fanning, 84 AD3d 1483, 1485 [2011]).

With respect to the attorney for the child's contention that the mother's visitation schedule should be modified so that the child may remain with the grandfather for one weekend per month in order to be able to engage in recreational activities

with him, we note that it is within Family Court's broad discretion to fashion an appropriate visitation schedule based on the best interests of the child (see Lo Presti v Lo Presti, 40 NY2d 522, 527 [1976]; Matter of Hayward v Thurmond, 85 AD3d 1260, 1262 [2011]; Matter of Marshall v Bradley, 59 AD3d 870, 870-871 [2009]).  Here, the mother was entitled to weekly visitation by the terms of the prior order, and her original petition was based on the allegation that she had encountered difficulty in obtaining the grandfather's agreement to that schedule.  Family Court affixed blame on both parties for the difficulties, concluded that the mother had made significant progress in dealing with her physical and mental issues and, given her close relationship with the child, concluded that visitation pursuant to a fixed schedule would reduce uncertainty and promote the child's best interests.

While we see no basis for disturbing Family Court's determination that it is in the child's best interests to have a set schedule of visitation with the mother, we must agree with the attorney for the child that the schedule devised by the court gives such extensive time to the mother during the school year that the child is effectively deprived of any recreational time in his own home with the grandfather on days when school is not in session.  The schedule provides visitation to the mother in her home located away from the child's neighborhood and school friends on every weekend during the school year from Friday evening through Sunday evening and, when school is closed on Mondays, through Monday evening.  The mother also has visitation during every Christmas and February break.  In alternate years, the child will spend the Thanksgiving break, Christmas Eve, Christmas Day and his birthday with the grandfather; otherwise, virtually all non-school days during the school year are allocated to the mother.  Family Court made no finding that it is in the child's best interests to have such severely limited opportunities for recreation with his school friends and so little free time with his grandfather.  Nor do we find a sound and substantial basis in the record that would support such a finding.

While the preferences of a child are not dispositive, they offer some indication of his or her best interests and are a

factor to be taken into account in making custody and visitation decisions (see Matter of Rivera v LaSalle, 84 AD3d 1436, 1438 [2011]; Matter of Flood v Flood, 63 AD3d 1197, 1198-1199 [2009]; see generally Matter of Kilmartin v Kilmartin, 44 AD3d 1099, 1102 [2007]).  Here, no Lincoln hearing was conducted due to what Family Court described as the "adamant objection" of the attorney for the child.  Further, the court's decision does not reflect that the child's wishes were either known to it or considered by it in devising the visitation schedule.  Accordingly, we grant the request of the attorney for the child and remit the matter to Family Court to determine in its discretion whether a Lincoln hearing would now be helpful and, in any event, to consider the wishes of the child in determining whether a modification of the visitation schedule is warranted to allow the grandfather and child to spend at least some scheduled recreational time together on weekends and holiday breaks during the school year.

Finally, the parties and the attorney for the child all agree that Family Court should have accounted for the grandmother's visitation with the child in its order.  The mother adds only that the amount and timing of the grandmother's visitation should be reconsidered upon remittal in light of the parties' continued hostility and her own schedule of visitation.  Inasmuch as Family Court's failure to mention the grandmother's visitation in its decision appears to have been a mere oversight, we agree that, upon remittal, the court should also determine an appropriate schedule of visitation for her.

Peters, P.J., Lahtinen, Garry and Devine, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as awarded visitation to Kate S. Seeley and failed to award visitation to respondent Mary A. Klein; matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the visitation terms of said order shall remain in effect on a temporary basis; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court