Rose, J.
Appeals from an order of the Family Court of Delaware County (Becker, J.), entered May 5, 2014, which, among other things, partially granted petitioner’s application, in proceeding No. 2 pursuant to Family Ct Act articles 6 and 8, for modification of a prior order of visitation.
Jason Layton (hereinafter the father) and respondent Sarah *1148 Mathes (hereinafter the mother) are the parents of a child (born in 2005). When the child was one year old, the father joined the military and, due to the mother’s substance abuse problem, Terry Grace (hereinafter the paternal grandmother) and Karen Mathes (hereinafter the maternal grandmother) obtained custody of the child pursuant to a court order entered in Texas. The child lived with the paternal grandmother in Texas from 2007 until 2009, when the father returned from his military commitment. The father then lived with the paternal grandmother and the child until August 2010, when he moved with the child to New York. At that time, the maternal grandmother and the paternal grandmother executed an affidavit granting the father physical possession of the child and retaining the right of each grandmother to receive 30 days of visitation in Texas in the summer. Although the
60-day summer visitation in Texas occurred in 2011, the father refused to allow it the following year; he then filed a petition in New York to modify custody and visitation. That proceeding was resolved in February 2013 when Family Court issued an order on the parties’ consent granting, among other things, sole custody to the father and supervised visitation to the mother and the maternal grandmother, to occur while the child visited the paternal grandmother in Texas.
In May 2013, the father commenced proceeding No. 1 to modify the paternal grandmother’s visitation, seeking to, among other things, end her court-ordered visitation. In response, the paternal grandmother commenced proceeding No. 2 seeking to enforce the prior agreement and award additional visitation time. Following fact-finding and Lincoln hearings, Family Court ordered that, among other things, the paternal grandmother was to have three weeks of annual summer visitation in Texas and the maternal grandmother would have one week there. The father and attorney for the child appeal.
Where, as here, an existing order of visitation for a grandparent exists, the threshold determination is whether there has been a change in circumstances sufficient to warrant modification (see Matter of Wilson v McGlinchey, 2 NY3d 375, 380 [2004]; Matter of Johnson v Zides, 57 AD3d 1318, 1319 [2008]; Matter of Stellone v Kelly, 45 AD3d 1202, 1204 [2007]). Although Family Court did not expressly detail any findings with respect to whether the parties demonstrated a sufficient change in circumstances to warrant modification, the record is sufficient for us to make our own determination (see Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1002-1003 [2014]; Matter of D’Angelo v Lopez, 94 AD3d 1261, 1262 [2012]). *1149 To that end, we find that the well-documented deterioration in the relationship between the paternal grandmother and the father is sufficient to constitute the requisite change in circumstances (see Matter of Johnson v Zides, 57 AD3d at 1319; Matter of Stellone v Kelly, 45 AD3d at 1204).
Having met the initial threshold, the relevant determination is whether “Family Court properly exercised its discretion in determining a visitation schedule that would be in the best interests of the child” (Matter of Burton v Barrett, 104 AD3d 1084, 1086 [2013]). Factors to be considered include “the nature and extent of the existing relationship between the grandparent and child[,] . . . the basis and reasonableness of the parent’s objections, the grandparent’s nurturing skills and attitude toward the parent, the . . . [position of the attorney for the child] and the child’s wishes” (id. at 1087 [internal quotation marks and citations omitted]; see Matter of Christina KK. v Kathleen LL., 119 AD3d at 1003; Matter of Stellone v Kelly, 45 AD3d at 1204-1205). In weighing these factors, Family Court has broad discretion to determine an appropriate visitation schedule, and its determination will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Wagner v Wagner, 124 AD3d 1154, 1154 [2015]; Matter of Seeley v Seeley, 119 AD3d 1164, 1166 [2014]; Matter of Christina KK. v Kathleen LL., 119 AD3d at 1003).
Here, Family Court affixed blame for the ongoing difficulties with visitation on both the father and the paternal grandmother based on their demonstrated unwillingness to compromise. The court also noted the father’s willingness to use the child as a pawn. Although the attorney for the child advocated that the eight-year-old child should control the place and time of visitation with the paternal grandmother, Family Court discounted this after interviewing the child at the Lincoln hearing and determining that she had been coached by the father and his wife. There was, on the other hand, ample evidence that the child enjoys spending time with the paternal grandmother and that the paternal grandmother was the child’s primary caretaker for well over a year while the father was in the military and the mother was absent. While the court noted the paternal grandmother’s tendency to overstep her role, it fashioned a visitation schedule that gave credence to the fact that she had played a central role in the child’s young life. To the extent that the father seeks to limit the child’s time away from home during the summer, the order reduced the previously agreed upon summer visitation in Texas from 60 days to 30 days.
*1150 Finally, we are not persuaded by the father’s claim that the visitation is too long because the child’s prescription medication can only be filled for 30 days at a time and cannot be refilled until the prescription is nearly empty. Similar to his conduct in attempting to thwart a court-ordered visitation in December 2013, the father is attempting to use the medication as a tool to disrupt the paternal grandmother’s visitation instead of seeking reasonable alternatives to address the issue. Based on the circumstances, and deferring to Family Court’s factual findings, we find no abuse of discretion or basis to disturb the schedule for visitation as set forth in the order (see Matter of Terwilliger v Jubie, 84 AD3d 1520, 1521 [2011]; Matter of Johnson v Zides, 57 AD3d at 1320; Matter of Stellone v Kelly, 45 AD3d at 1205).
Peters, P.J., Lahtinen and McCarthy, JJ., concur.
Ordered that the order is affirmed, without costs.