■ In the Matter of CHRISTOPHER J. CONDON, Respondent, v ANTHONY P. VERDILE et al., Appellants. KELSEA A.C. et al., Nonparty Appellants. (Proceeding No. 1.) In the Matter of ANTHONY P. VERDILE et al., Appellants, v CHRISTOPHER J. CONDON, Respondent. KELSEA A.C. et al., Nonparty Appellants. (Proceeding No. 2.) [56 NYS3d 558]—

Appeal by the maternal grandparents, and separate appeal by the children, from an order of the Family Court, Dutchess County (Denise M. Watson, J.), entered July 8, 2016. The order, after a hearing, in effect, granted the father's petition to modify a prior order of custody and visitation of that court dated September 25, 2014, so as to eliminate the maternal grandparents' visitation with the subject children and denied the maternal grandparents' petition, in effect, to modify the same order so as to establish a visitation schedule.

Ordered that the order entered July 8, 2016, is reversed, on the facts and in the exercise of discretion, the father's petition is denied, the maternal grandparents' petition is granted, and the matter is remitted to the Family Court, Dutchess County, for further proceedings with all convenient speed consistent herewith.

The mother of the three subject children committed suicide in the family home on May 16, 2013, when the children were ages 10, 8, and 1, respectively. On May 24, 2013, the children were placed in the temporary custody of their maternal grandparents (hereinafter the grandparents). By order dated July 24, 2014, the Family Court returned temporary custody of the children to their father and awarded the grandparents visitation. Thereafter, in an order dated September 25, 2014 (hereinafter the September order), made upon the consent of the father and the grandparents, the court restored permanent custody to the father, and awarded the grandparents four hours of visitation per week during the months of September and October 2014. The September order further provided that the grandparents "shall have such other and further visitation" as they and the father could agree upon. However, the relation-

ship between the father and the grandparents subsequently deteriorated, and in February 2015, the father cut off visitation between the children and the grandparents. The grandparents then filed a petition seeking visitation with the children, and the father filed a petition to modify the September order so as to eliminate the grandparents' visitation with the children. After a hearing, the court, in effect, granted the father's petition, and denied the grandparents' petition. The grandparents and the children separately appeal.

"In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (*Matter of Weiss v Rosenthal*, 120 AD3d 505, 506 [2014]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]; *Matter of Kathleen LL. v Christopher I.*, 135 AD3d 1084 [2016]). Here, while the deteriorating relationship between the father and the grandparents constituted a change in circumstances (*see id.* at 1085; *Matter of Layton v Grace*, 129 AD3d 1147, 1148 [2015]), the record does not provide a sound and substantial basis for the Family Court's determination that the antagonism between the father and the grandparents rendered the resumption of visitation contrary to the children's best interest. The evidence presented at the hearing demonstrated that the children enjoyed a close and loving relationship with the grandparents until the cessation of visitation in February 2015, and that the children expressed to their attorney their desire to resume visitation with the grandparents. "[W]hile . . . the problems created by parent-grandparent antagonism cannot be ignored, an acrimonious relationship is generally not sufficient cause to deny visitation" (*Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *see Matter of Steinhauser v Haas*, 40 AD3d 863, 864 [2007]). Although a clinical social worker who primarily treated the middle child testified that resuming visitation with the grandparents would not be in the children's best interests, the social worker never spoke to the grandparents before formulating her opinion, did not obtain and review the middle child's prior treatment records, saw the youngest and oldest children infrequently, and did not articulate a basis for concluding that visitation would be harmful to the youngest child. Moreover, prior to becoming the middle child's treating therapist, the social worker had been working with the father's girlfriend, and one of the girlfriend's children, for over a year. Under these circumstances, the court improvidently exercised its discretion in finding that it was not in the best interests of the children to have any visitation with the grandparents. We therefore remit this matter to the Family

Court, Dutchess County, to set up an appropriate visitation schedule (*see Matter of Steinhauser v Haas*, 40 AD3d at 865; *see also Matter of Kathleen LL. v Christopher I.*, 135 AD3d at 1086; *Matter of Layton v Grace*, 129 AD3d at 1149). Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.