Matter of Dubose v Jackson (2022 NY Slip Op 04723)

Matter of Dubose v Jackson

2022 NY Slip Op 04723

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01960 
2021-01962
 (Docket Nos. V-13945-16/19D, V-13945-16/19E)

[*1]In the Matter of Mattie Dubose, appellant,
v
Ashleigh Jackson, respondent-respondent, et al., respondent. Geanine Towers, Brooklyn, NY, for appellant.

Claudio & Associates, P.C., Jamaica, NY (Desiree Claudio of counsel), for respondent-respondent.
Angella S. Hull, Jamaica, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the paternal grandmother appeals from (1) an order of the Family Court, Queens County (Emily M. Martinez, Ct. Atty. Ref.), dated December 17, 2020, and (2) an order of the same court, also dated December 17, 2020. The first order, after a hearing, denied the paternal grandmother's petition to modify a prior order of visitation of the same court (Marilyn L. Zarrello, Ct. Atty. Ref.) dated March 19, 2018, so as to establish a visitation schedule. The second order, after a hearing, denied the paternal grandmother's petition alleging that the mother was in violation of the prior order of visitation dated March 19, 2018.
ORDERED that the first order dated December 17, 2020, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the paternal grandmother's petition to modify the prior order of visitation dated March 19, 2018, so as to establish a visitation schedule is granted, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith, to be held with all convenient speed; and it is further,
ORDERED that the second order dated December 17, 2020, is affirmed, without costs or disbursements.
The child's father died in April 2016, when the child was approximately nine months old, shortly after which the paternal grandmother petitioned for visitation with the child. By order dated October 19, 2016, the Family Court, upon parties' consent, awarded the paternal grandmother visitation with the child pursuant to an arranged schedule. Following an altercation between the mother and the paternal grandmother in December 2016, the mother refused to allow contact between the paternal grandmother and the child, prompting the paternal grandmother to file a petition to modify the order dated October 19, 2016, so as to increase the frequency of her visitation [*2]with the child. By order dated March 19, 2018, the court, upon the parties' consent, granted the paternal grandmother's petition to the extent of directing visitation between the paternal grandmother and the child "as arranged between [the parties]."
The mother continued to refuse the paternal grandmother visitation with the child. Consequently, the paternal grandmother filed a petition to modify the order dated March 19, 2018, so as to establish a visitation schedule (hereinafter the modification petition), as well as a petition
alleging that the mother was in violation of the order dated March 19, 2018 (hereinafter the violation petition). Following a hearing, by separate orders, both dated December 17, 2020, the Family Court denied the modification petition and the violation petition. The paternal grandmother appeals from both orders.
"'In order to modify an existing . . . visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child'" (Matter of Condon v Verdile, 151 AD3d 849, 850, quoting Matter of Weiss v Rosenthal, 120 AD3d 505, 506; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380). Here, contrary to the Family Court's determination, the mother's refusal to consent to any visitation between the child and the paternal grandmother pursuant to the March 19, 2018 order constituted a sufficient change in circumstances for the court to determine whether modification of the existing visitation arrangement was in the child's best interests (see Matter of Condon v Verdile, 151 AD3d at 850; Matter of Peralta v Irrizary, 76 AD3d 561, 562). Moreover, the court's determination that visitation with the paternal grandmother was not in the best interests of the child lacked a sound and substantial basis in the record. Although there is some history of animosity between the parties, "[a]nimosity alone is insufficient to deny visitation" (Matter of Mastronardi v Milano-Granito, 159 AD3d 907, 908), and there is no indication in the record that the poor relationship between the parties had any adverse effect on the child such that the resumption of visitation would not be in the child's best interests (see Matter of Condon v Verdile, 151 AD3d at 850-851). We therefore remit the matter to the Family Court, Queens County, to establish an appropriate visitation schedule (see id. at 850-851).
However, we agree with the Family Court's determination to deny the violation petition. Contrary to the paternal grandmother's contention, the mother's refusal to agree to visitation following the March 19, 2018 order was not a violation, as that order provided for visitation "as arranged between [the parties]."
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court