■ In the Matter of JENNIFER SNIFFEN, Appellant, v ARTHUR WEYGANT, Respondent. (And Two Other Related Proceedings.) [916 NYS2d 320]—

---

Kavanagh, J. Appeal from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered May 25, 2010, which, among other things, dismissed petitioner's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) have three children (born in 2005, 2006, and 2007). After they ended their relationship in 2006, the mother was awarded sole custody of the three children, while the father was granted visitation rights subject to supervision by the Schoharie County Department of Social Services.[1] In January 2010, the mother sought a court order permitting her to move with the children to St. Lawrence County while the father, in addition to opposing relocation, asked that modifications be made to the existing visitation schedule. After a hearing, Family Court dismissed the applications, prompting the mother to bring this appeal.[2]

A parent who has custody of a child and requests permission to relocate has the burden of establishing that such a move is in the child's best interest (see *Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Matter of Vargas v Dixon*, 78 AD3d 1431, 1432 [2010]; *Matter of Smith v Hoover*, 24 AD3d 1096, 1096 [2005]). Among the factors to be considered in determining whether relocation is in the child's best interest are "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Vargas v Dixon*, 78 AD3d at 1432

1. Since November 2009, the father had the right to visit with the children every other Saturday between 9:00 A.M. and 7:00 P.M.

2. The father has not appealed from Family Court's order denying his applications to modify the existing visitation schedule.

[internal quotation marks and citation omitted]; *see Matter of Sara ZZ. v Matthew A.*, 77 AD3d 1059, 1060 [2010]; *Matter of Smith v Hoover*, 24 AD3d at 1096-1097).

It is essentially undisputed that since these children were born, the mother has been their primary caregiver and has received little support from the father in terms of their upbringing. In that regard, the father concedes that his contact with the children has been, at best, sporadic, and he admits that significant periods of time have passed when he has had no contact with them at all. He has not participated in a meaningful way in addressing the children's basic needs, does not attend their school functions, has no involvement in their ongoing medical care and has not always complied with his obligation to pay child support. Moreover, we note that, despite being fully aware of the importance of these hearings and the profound impact they could have on his relationship with these children, the father, just prior to the hearings, tested positive for marihuana and, because he was on probation, was required to enter a treatment facility.[3]

While the father appears to have initially abdicated any responsibility for the care and support of these children, the mother, as previously noted, has raised them since birth. She now wants to move with the children to St. Lawrence County because she is in a relationship with an individual who is gainfully employed and has expressed a willingness to assist her in supporting them. The mother, who has a child with this individual, maintains that he enjoys a constructive relationship with the children and is prepared to provide them with whatever they need to insure that they have a proper upbringing. The mother now lives with the children in cramped quarters at her mother's home in Schoharie County and has leased a residence in St. Lawrence County with this individual, which is large enough for her entire family and has been approved for that purpose by the Department of Social Services. Moreover, the mother has agreed, if allowed to move, to transport the children to Schoharie County so that they can visit with the father pursuant to the provisions of the existing visitation schedule. We also note that the attorney for the children has consistently advocated throughout these proceedings that relocation is in the children's best interests and for the mother's application to be granted. For these reasons, we conclude that the evidence was sufficient to establish that the proposed relocation of the mother with her children to St. Lawrence County is in the

---

3. He was on probation for an incident with the mother for criminal mischief and assault in the third degree.

children's best interests (*see Matter of Smith v Hoover*, 24 AD3d at 1097-1098), and we remit the matter to Family Court to establish an appropriate visitation schedule for the father.

Rose and Garry, JJ., concur.

Lahtinen, J. (dissenting). We respectfully dissent. "The overriding concern when considering custody disputes, including those that involve relocation, is the best interests of the children" (*Matter of Gutiy v Gutiy*, 40 AD3d 1155, 1156 [2007] [citations omitted]). On this record, we agree with Family Court that petitioner (hereinafter the mother), presented no evidence to demonstrate that the children's lives may be enhanced economically, emotionally and educationally by the proposed move of approximately 185 miles from the maternal grandmother's home where the children have lived for more than three years. The absence of proof on these essential factors (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739-741 [1996]) provides a sound and substantial basis for the denial of the mother's petition to relocate (*see Matter of Hissam v Mackin*, 41 AD3d 955, 956 [2007], *lv denied* 9 NY3d 809 [2007]; *Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]), and we would affirm.

Mercure, J.P., concurs. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as dismissed petitioner's application; petition granted and matter remitted to the Family Court of Schoharie County for establishment of a visitation schedule for respondent; and, as so modified, affirmed.