■ In the Matter of DOUGLAS R. FEATHERS, Respondent, v JENNIFER R. FEATHERS, Now Known as JENNIFER KENNEY, Appellant. (And Another Related Proceeding.) [944 NYS2d 812]—

McCarthy, J. Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered March 18, 2011, which, among other things, dismissed respondent's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 1996 and 1999). The parties' 2006 stipulation of settlement, later incorporated into a judgment of divorce, provided for joint legal custody, primary residential custody with the mother and parenting time with the father on the first, third and fifth weekends of each month, every Thursday evening after school until 7:30 P.M., Tuesday evenings in the week following the mother's weekend, plus extra time during summers and school vacations. In 2010, the mother became engaged to and married a man who shared custody of five daughters and lived in Warren County. His residence was 112 miles from the mother's home—the parties' former marital residence where the children had lived for their entire lives—in the Town of New Lebanon, Columbia County. The father lived in the Town of Petersburg, Rensselaer County, 105 miles or a drive of almost two hours away from the home of the mother's new husband.

After the mother notified the father, as required by their stipulation, of her intent to move with the children to Warren County, he filed a petition seeking primary residential custody. The mother filed a petition seeking approval to relocate and to establish a new parenting schedule. Following a hearing, Family Court found that relocation would not be in the children's best

interests and dismissed the mother's petition. Primarily based upon the mother's testimony that she would not move without the children, the court dismissed the father's petition as well. The mother appeals.

Family Court's determination had a sound and substantial basis in the record. The mother, as the party seeking to relocate, had the burden to establish by a preponderance of the evidence that her proposed move would be in the children's best interests (*see Matter of Williams v Williams*, 90 AD3d 1343, 1344 [2011]; *Matter of Munson v Fanning*, 84 AD3d 1483, 1484 [2011]). Relevant factors to consider include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). If supported by the record, Family Court's findings and decision will not be disturbed (*see Matter of Williams v Williams*, 90 AD3d at 1344).

The mother sought to move to live with her new husband and his children. The father opposed the move because the children told him that they did not want to move and the distance would prevent him from seeing his children as frequently. Both parties had good relationships with the children and were actively involved in their lives. The father previously exercised all of his weekend parenting time and the great majority of his other parental time. The move would deprive him of three dinner visits every two weeks and make it difficult for him to attend the children's school and athletic activities. The mother quit her job in anticipation of the move and had not submitted any resumes or applications for new jobs, mostly because she was waiting to see if the move would be approved. She intended to work less days per week because she was now married. Although her husband was employed and earned a comfortable salary, he had child support obligations and college expenses for his five children. It was, thus, unclear that the new situation would enhance the mother or children financially.

The children would move away from the home, school and community where they had lived their entire lives to a place where they knew no one other than their new stepfather and stepsisters, whom they had only gotten to know on a limited

basis. The mother offered only hearsay and speculation that the school district in Warren County was superior to the one in which the children had always been enrolled and where they were thriving (*see Matter of Williams v Williams*, 90 AD3d at 1344-1345; *Matter of Kirshy-Stallworth v Chapman*, 90 AD3d 1189, 1191 [2011]). The children strongly desired to remain in their current schools and be near their friends. The father had contacted the children's school district about tuition rates for nonresidents, planned to move into their district if he obtained custody, and arranged for either himself or his parents to drive the children to their current schools until he obtained a residence in the district. The mother testified that if her request to relocate was denied, she would not move without the children. Considering all of the factors, the record supports Family Court's determination that the mother failed to meet her burden of proving that the move was in the children's best interests (*see Matter of Scheffey-Hohle v Durfee*, 90 AD3d 1423, 1426-1429 [2011]).

Peters, P.J., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.