■ In the Matter of LACEY STETSON, Appellant, v DANIEL FERINGA, Respondent. [981 NYS2d 207]—

Egan Jr., J. Appeal from an order of the Family Court of Tioga County (Morris, J.), entered March 7, 2012, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father), who never married or cohabited with one another, are the parents of a son (born in 2007). By order entered August 11, 2010, Family Court (Argetsinger, J.) awarded the parties joint legal custody of the child with primary physical placement to the mother and "reasonable and liberal visitation, including overnights" to the father.

As the father, who underwent brain surgery prior to the child's birth, apparently is unable to drive and suffers from various disabilities, the mother facilitated visits between the father and his son and provided the necessary transportation.

In or about February 2011, the mother met her current husband, Kevin Thompson, who then resided in Oklahoma, online and, in July 2011, Thompson moved to New York to live with the mother. Shortly thereafter, the mother and Thompson became engaged and, in February 2012, the two married. The mother testified that during the first six months of 2011, the father saw the child whenever he wished and that he and the child regularly enjoyed overnight visitations. The mother also acknowledged that, prior to July 2011, the child asked to speak with the father "all the time" and conceded that Thompson's arrival was a "turning point" in the relationship between the child and the father. Indeed, the record reflects that after July 2011, the mother declined to provide transportation for the visits, and the father, who apparently otherwise lacked transportation, did not visit with the child again until December 2011.

In the interim, in May 2011, the mother commenced this proceeding seeking modification of the prior order of custody to permit her to relocate with the child to Oklahoma where Thompson's family, including his daughter from a prior relationship, resided. Following a hearing, at which only the mother and the father appeared and testified, Family Court (Morris, J.) dismissed the mother's application, finding that she failed to es-

tablish that the proposed relocation was in the child's best interests. This appeal by the mother ensued.

We affirm. As the party seeking to relocate, the mother bore the burden of establishing by a preponderance of the credible evidence that the requested relocation was in the child's best interests (*see Matter of Michelle V. v Brandon V.*, 110 AD3d 1319, 1321 [2013]; *Matter of Cole v Reynolds*, 110 AD3d 1273, 1273 [2013]; *Matter of Feathers v Feathers*, 95 AD3d 1622, 1623 [2012]). Such an inquiry requires a court to consider a variety of factors, including, but not limited to, "the child's relationship with each parent, the effect of the move on contact with the noncustodial parent, the potential enhancement to the custodial parent and child due to the move, and each parent's motives for seeking or opposing the move" (*Matter of Batchelder v BonHotel*, 106 AD3d 1395, 1396 [2013] [internal quotation marks and citation omitted]; *see Rose v Buck*, 103 AD3d 957, 958 [2013]; *Matter of Williams v Williams*, 90 AD3d 1343, 1344 [2011]). Inasmuch as "Family Court is in the best position to make factual findings and credibility determinations, its decision will not be disturbed if it is supported by a sound and substantial basis in the record" (*Matter of Batchelder v BonHotel*, 106 AD3d at 1396; *accord Matter of Cole v Reynolds*, 110 AD3d at 1274).

Here, it is apparent that the impetus for the proposed move was the mother's recent marriage, her pregnancy with Thompson's child and her corresponding desire to "start over" in Thompson's home state of Oklahoma (*see Matter of Batchelder v BonHotel*, 106 AD3d at 1396; *Scott VV. v Joy VV.*, 103 AD3d 945, 946 [2013], *lv denied* 21 NY3d 909 [2013]). While the mother's new marriage and her desire to unite her new family are valid considerations (*see Matter of Scheffey-Hohle v Durfee*, 90 AD3d 1423, 1426 [2011], *appeal dismissed* 19 NY3d 876 [2012]), the balance of the *Tropea* factors (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]) do not break in the mother's favor.

As for the potential for economic enhancement, the mother, who was an assistant manager at a dollar store earning $8.50 per hour, testified that she would be able to transfer to a similar position at an Oklahoma franchise, where she would earn $9 per hour. Although the mother also testified that Thompson, who apparently was working at a local grocery store, would be able to earn several hundred dollars each week as a flooring contractor in Oklahoma, no specific testimony was received regarding Thompson's wage-earning capacity in Oklahoma, his current wages in New York or his efforts to find suitable employment in this state. With respect to educational opportunities, the mother failed to offer any proof that the Oklahoma school

system represented a significant improvement over the school system available to the child (who was four years old at the time of the hearing) in Tioga County (*see Matter of Batchelder v BonHotel*, 106 AD3d at 1397; *Matter of Feathers v Feathers*, 95 AD3d at 1624; *Matter of Williams v Williams*, 90 AD3d at 1344-1345; *Matter of Kirshy-Stallworth v Chapman*, 90 AD3d 1189, 1191 [2011]). Additionally, although the mother was enrolled in nursing school at the time of the hearing and testified that nurses "make really good money" in Oklahoma, she acknowledged that it would take longer to obtain her degree in Oklahoma than it would in New York due to the need to repeat certain courses. Finally, although the mother offered the father extended visitation and access to the child via Skype and expressed a willingness to share transportation costs, there is no question that the proposed relocation would significantly impair the father's ability to spend time with the child—particularly in view of the distance involved and the father's disabilities and limited financial resources (*see Matter of Batchelder v BonHotel*, 106 AD3d at 1397). In short, inasmuch as the mother did not meet her burden of establishing that the proposed move would substantially enhance the child's economic, emotional or educational well-being, Family Court properly dismissed her application (*see id.*; *Matter of Scheffey-Hohle v Durfee*, 90 AD3d at 1427-1428; *Matter of Kirshy-Stallworth v Chapman*, 90 AD3d at 1191-1192).

Peters, P.J., Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.