Garry, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered July 25, 2012, which, among other things, dismissed respondent’s application, in four proceedings pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of five children (born in 1995, 2000, 2001, 2003, and 2009). Pursuant to a 2010 order entered on consent, the parties share joint legal custody, with the mother having primary physical custody and, as is relevant *1173 here, the father having parenting time every Saturday from 10:00 a.m. to 7:00 p.m. Beginning in November 2011 each parent sought various relief, with both a modification and a violation petition filed by the father and two modification petitions filed by the mother. After a combined hearing, Family Court dismissed all of the petitions. The attorney for the children now appeals from the dismissal of the mother’s modification petition that sought permission to relocate from the Village of Monticello, Sullivan County to the Village of Sleepy Hollow, Westchester County.
As the party seeking to relocate, the mother bore the burden of establishing by a preponderance of the credible evidence that the proposed move would be in the children’s best interests (see Matter of Michelle V. v Brandon V., 110 AD3d 1319, 1321 [2013]; Rose v Buck, 103 AD3d 957, 958 [2013]). The determination requires assessing the best interests of the children, based upon the totality of the circumstances, including but not limited to, “each parent’s reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child’s future contact with the noncustodial parent, the degree to which the custodial parent’s and child’s life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements” (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; accord Matter of Norback v Norback, 114 AD3d 1036, 1036-1037 [2014]; Matter of Weber v Weber, 100 AD3d 1244, 1245 [2012]). As Family Court is in the best position to make factual findings and credibility determinations, its decision will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Batchelder v BonHotel, 106 AD3d 1395, 1396 [2013]; Matter of Pizzo v Pizzo, 94 AD3d 1351, 1352 [2012]).
The mother was the only witness to testify in support of her application. Her primary reason for wanting to move was to be closer to some members of her family, whom she expected would provide emotional, spiritual, and financial support. In anticipation of the move, she had rented a home that was substantially smaller than the one in which she was residing in Monticello; the safety and appropriateness of the surrounding neighborhood was disputed, but as Family Court noted, no photographs were provided to aid in the determination. Further, the mother failed to demonstrate that the family finances would be promoted by the move (see Matter of Mallory v Jackson, 51 *1174 AD3d 1088, 1089 [2008], lv denied 11 NY3d 705 [2008]). Notably, the mother intended to continue working at her current job in Monticello for the same pay, but now requiring a daily commute of approximately IV2 hours each way. Although she expected to begin working from home one or two days per week, this was unsupported by testimony or other evidence from her employer. The mother further testified that she was willing to travel each Saturday to deliver the children to and return them from visitation with the father, but failed to reveal why the significant increase in her driving every week would not have a negative impact upon both her finances and time with the children. Her testimony that family members would help pay bills was wholly unsupported.
Similarly, there was no evidence beyond “hearsay and speculation” to support the claim that the proposed new school in Westchester would provide advantages over the children’s current school (Matter of Feathers v Feathers, 95 AD3d 1622, 1624 [2012]; see Matter of Stetson v Feringa, 114 AD3d 1089, 1090-1091 [2014]; Matter of Kirshy-Stallworth v Chapman, 90 AD3d 1189, 1191 [2011]). The children have been enrolled in their current school for virtually their entire lives, and are all involved in extracurricular activities.* Neither the mother nor the children have taken a tour of the new school or spoken to any of its administrators (compare Matter of Cole v Reynolds, 110 AD3d 1273, 1276 [2013]). Further, the father currently attends some of the children’s after school activities during the week; such involvement would necessarily be curtailed by the three hour round-trip drive (see Matter of Feathers v Feathers, 95 AD3d at 1623).
Although this appeal is brought on behalf of the children, and Family Court noted their desire to relocate, this factor is not determinative (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). Considering the totality of the circumstances and the lack of evidence to support the mother’s stated wishes, we conclude that a sound and substantial basis existed for Family Court’s determination denying the proposed relocation (see Matter of Batchelder v BonHotel, 106 AD3d at 1397).
Peters, EJ., Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

 The eldest child attended a different school for one year before the couple settled in Monticello.