Devine, J.
Cross appeals from an order of the Family Court of Chenango County (Revoir Jr., J.), entered August 9, 2013, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a son (born in 2008). The parties — who were high school students when the child was born — lived with the mother’s parents for approximately two years until they decided to move into their own apartment to raise the child. However, after living together for a few months, the parties’ relationship deteriorated and the mother, along with the child, moved back in with her parents. Pursuant to a stipulation of both parties, an order was entered in 2012 granting the parents joint legal custody, awarding primary physical custody of the child to the mother and establishing a visitation schedule for the father.
*947 In October 2012, the mother married a Marine corporal who she had been dating for more than a year. Upon discovering that her husband was assigned to be stationed on a military base in North Carolina when he returned from serving abroad, the mother petitioned Family Court for approval to relocate her son from the City of Norwich, Chenango County to Camp Lejeune in North Carolina. Additionally, the mother filed a violation petition, alleging that the father had refused her equal access to the child on the previous Easter Sunday.
Following a fact-finding hearing, Family Court issued a detailed and well-reasoned order which, among other things, permitted the mother to relocate the child to North Carolina, granted the father liberal parenting time with the child and dismissed the violation petition. As a final provision, Family Court expressly prohibited the mother from moving outside of Camp Lejeune without receiving the necessary court approval and, further, retained jurisdiction in all child custody matters for a two-year period. Both parties now appeal.
The father asserts that Family Court erred in allowing the mother to relocate the child, alleging that the mother failed to demonstrate that such a move would serve the best interests of the child and, further, that the decision will negatively impact his relationship with his son. The mother had the heavy burden of showing by a preponderance of the evidence that relocating the child was in his best interests (see Matter of Seeley v Seeley, 119 AD3d 1164, 1165 [2014]; Matter of Cole v Reynolds, 110 AD3d 1273, 1273-1274 [2013]; Matter of Shirley v Shirley, 101 AD3d 1391, 1392 [2012]). In making a best interests determination, the court must consider various factors, including the child’s relationship with each parent, the effect that relocation will have on the child’s contact with the noncustodial parent, the potential advantages that the proposed relocation will offer the child and the custodial parent and the reasons each parent has in supporting or opposing such relocation (see Matter of Bracy v Bracy, 116 AD3d 1172, 1173 [2014]; Matter of Batchelder v BonHotel, 106 AD3d 1395, 1396 [2013]; Scott VV. v Joy VV., 103 AD3d 945, 946 [2013], lv denied 21 NY3d 909 [2013]). As we defer to Family Court’s opportunity to make factual findings and credibility determinations, we shall not disturb its ultimate custody determination where it has a sound and substantial basis in the record (see Matter of Jones v Soriano, 117 AD3d 1350, 1351 [2014], lv denied 24 NY3d 901 [2014]; Matter of Stetson v Feringa, 114 AD3d 1089, 1090 [2014]).
While a part of the mother’s desire to relocate centers on uniting with her husband, the record makes it clear that the *948 move to North Carolina will afford the child with emotional and economic stability. The mother testified that, while her husband’s military service placed him in Japan, he was deemed involuntarily separated from his family, thereby allowing the mother to receive a housing allowance and health insurance while living in New York. However, because the husband had been assigned to serve in North Carolina, the mother would lose the housing allotment if she were forced to remain in New York, because her separation from her husband would be considered voluntary and the funds would have to be applied toward the husband’s residence in North Carolina. Under that scenario, the mother indicated that she and her son would have to move back in with her parents and, in addition, that she would no longer have access to her and her husband’s vehicle, as her husband would require the vehicle to commute to work. The mother also testified that relocating the child to a warmer locale would help the child avoid contracting ear infections, which increased in frequency when exposed to cold winter weather. Further, trial testimony revealed that the child would have access to an education in a military school and would be eligible to receive college tuition assistance through the husband’s military affiliation. Overall, while both parties love their child, the relationship between the child and the mother is an extremely close one, and Family Court had ample evidence to conclude that the child will surely benefit from the enhanced standard of living that the proposed relocation stands to offer (see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]).
The father argues that relocation should not have been granted, as it will affect the quality of contact that he has with his son. While the frequency of the father’s parenting time with the child has been limited under the circumstances, the court expanded the amount of time in the father’s visitation schedule, which included, among other things, six consecutive weeks during the summer, vacation weeks during the winter and spring, holidays and the option to have parenting time with the child in North Carolina. The order further required the mother to make various accommodations to assist the father in accessing his son, including providing housing and helping transport the child to New York for certain weeks of the father’s parenting time. The mother agreed to undertake any efforts necessary to promote the father-child relationship, including establishing regular phone and online video communications. Accordingly, we cannot agree with the father’s claim that the quality of his relationship with his child will deteriorate as a result of the court’s decision in this matter (see Matter of Shirley v Shirley, 101 AD3d at 1393; Matter of Cole v Reynolds, 110 AD3d at 1275- *949 1276), and conclude that, as the child’s relocation fully promotes the child’s best interests, Family Court’s order should be affirmed in all respects.
Finally, we have reviewed the mother’s challenges to, among other things, the Family Court’s dismissal of her violation petition and retention of jurisdiction of the parties’ custody matters and have found them to be unpreserved or lacking in merit.
Lahtinen, J.E, Garry and Rose, JJ., concur.
Ordered that the order is affirmed, without costs.