# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  February 19, 2015          518737
_____

In the Matter of SHAWN E.
    GATES,
                    Appellant,

        v                               MEMORANDUM AND ORDER

ERIC PETOSA,
                    Respondent.

(And Another Related Proceeding.)
_____

Calendar Date:  January 9, 2015

Before:  McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.

_____

        Arroyo Copland & Associates, Albany (Amy C. Kendall of
counsel), for appellant.

        Friedman & Molinsek, PC, Delmar (Nicole R. Redmond of
counsel), for respondent.

        Monica M. Kenny, Cairo, attorney for the children.

_____

Devine, J.

        Appeal from an order of the Family Court of Greene County
(Pulver Jr., J.), entered August 23, 2013, which, among other
things, dismissed petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, for permission to relocate
with the parties' children.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the divorced parents of two children
(born in 1999 and 2002).  Pursuant to a stipulation that was

incorporated into the parties' judgment of divorce, the parties shared joint legal custody of the children, with primary physical custody granted to the mother and a visitation schedule established for the father. In addition, the stipulation provided that the children would attend the Hunter-Tannersville Central School District "until further order of the [c]ourt." Approximately one year later, the mother commenced the instant proceeding seeking to relocate the children from the Village of Tannersville, Greene County to the City of Kingston, Ulster County. Thereafter, the father filed a cross petition alleging a violation of the custody agreement. After conducting a fact-finding hearing and a Lincoln hearing, Family Court, among other things, dismissed the mother's petition. The mother now appeals.

Preliminarily, the mother contends that Family Court erred in determining that she failed to demonstrate a sufficient change in circumstances that could provide a basis to modify the custody agreement and, further, that the proposed relocation did not serve the children's best interests. As to the first point, "[i]n contrast to an ordinary modification proceeding, where the petitioning party must demonstrate a change in circumstances and that a modification is in the child[ren's] best interests, a relocation is accepted as a change in circumstances," thereby requiring the petitioning parent to only demonstrate by a preponderance of the evidence that the proposed relocation serves the children's best interests (Matter of Adams v Bracci, 91 AD3d 1046, 1046-1047 [2012], lv denied 18 NY3d 809 [2012]; see Matter of Tropea v Tropea, 87 NY2d 727, 738-739 [1996]; Matter of Sniffen v Weygant, 81 AD3d 1054, 1055 [2011], appeals dismissed 16 NY3d 886 [2011], 17 NY3d 884 [2011]). A best interests analysis requires the court to consider several factors, including each parent's reasons for seeking or opposing the relocation, the children's relationships with both parents, the impact of the move on the noncustodial parent's contact with the children, the degree to which the move will enhance the economic, emotional and educational status of the children and the custodial parent and, finally, the likelihood that the bond between the noncustodial parent and the children can be maintained by the implementation of a suitable visitation arrangement (see Matter of Jones v Soriano, 117 AD3d 1350, 1351 [2014], lv denied 24 NY3d 901 [2014]; Rose v Buck, 103 AD3d 957,

958 [2013]; Matter of Sniffen v Weygant, 81 AD3d at 1055).
Although Family Court mistakenly held that the mother was
obligated to demonstrate a sufficient change in circumstances
warranting a modification of the parties' custody arrangement,
inasmuch as the court properly considered the necessary factors
in deciding the mother's application and its determination that
the proposed relocation would not serve the children's best
interests is supported by sound and substantial evidence, we find
no reason to disturb its order (see Matter of Stetson v Feringa,
114 AD3d 1089, 1090 [2014]; Matter of Batchelder v BonHotel, 106
AD3d 1395, 1398 [2013]).

At the fact-finding hearing, the mother testified that
relocating would allow her to, among other things, live rent-free
with her fiancé and work in a hospital in Kingston, while also
reducing travel time to her medical appointments in New York
City.  She further averred that the children would be able to
spend more time with their maternal grandmother and aunt and
that, because they regularly visited Kingston, they had become
involved in community activities and received medical care from
providers in the area.  The father explained that he opposed the
move primarily because it would contravene the parties' recently-
executed agreement that the children would remain enrolled in the
Hunter-Tannersville School District.  He was concerned that
uprooting the children from the schools in which they had fared
well academically and socially would prove overly disruptive at a
time — following several years of a tumultuous divorce action —
when the children most needed consistency in their lives.

As to the quality of the children's relationships with
their parents, the mother testified that the father had failed to
exercise a great amount of his scheduled parenting time.
However, the father indicated that he spent less time with the
children because the drive time to and from his residence was
increased by the destruction of roads and bridges that had
occurred during Hurricane Irene and that the children did not
want to endure long drives on weekdays.  Overall, under the
existing circumstances, both parents are actively involved in the
children's lives and, although the mother stated that she was
willing to drive the children halfway to visit with the father,
the proposed move would surely decrease the father's contact with

the children.  Moreover, although the mother had accepted a position as a registered nurse at a hospital in Kingston and testified that the children would have larger bedrooms in her fiancé's home and would be attending private schools, the proof does not overwhelmingly demonstrate that the move "'would substantially enhance the child[ren]'s economic, emotional or educational well-being'" (Matter of Jones v Soriano, 117 AD3d at 1351, quoting Matter of Scheffey-Hohle v Durfee, 90 AD3d 1423, 1428 [2011], appeal dismissed 19 NY3d 876 [2012]; see Rose v Buck, 103 AD3d at 961).  In fact, the record as a whole reveals that, while the mother stands to personally benefit from a move to Kingston, such relocation would cause the children to sustain a loss of certain of their academic and extracurricular pursuits and established friendships, all of which are so vital at the ages of these children.  As Family Court's determination that relocating the children would not serve their best interests has sound evidentiary support, we see no reason to reverse it (see Matter of Cole v Reynolds, 110 AD3d 1273, 1276 [2013]; Matter of Pizzo v Pizzo, 94 AD3d 1351, 1353 [2012]; Matter of Munson v Fanning, 84 AD3d 1483, 1484 [2011]).

McCarthy, J.P., Rose and Egan Jr., JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court